IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BYRON DUFFEY,        )<br>    ID # 02408801,        )<br>        Petitioner,        )<br>                    )<br>vs.                  )<br>                    )<br>STATE OF TEXAS,        )<br>        Respondent.        ) | No. 3:23-CV-154-D-BH<br><br>Referred to U.S. Magistrate Judge¹ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on January 20, 2023 (doc. 3), should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

### I.   BACKGROUND

Byron Duffey (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges his 2022 conviction and sentence in the 382nd District Court of Rockwall County, Texas, under 28 U.S.C. § 2254. (*See* doc. 3 at 1.)

On July 5, 2022, Petitioner pled guilty to and was convicted of possession of a controlled substance, less than 1 gram, in Case No. 2-21-0467 in the 382nd District Court of Rockwall County, Texas, and was sentenced to 14 months' imprisonment.  (*See id.*); *State v. Duffey*, No. 2-21-0467, *Judgment of Conviction* (382nd Dist. Ct., Rockwall Cnty., Tex. July 5, 2022).  Although Petitioner checked "Yes" in response to the question in the standard § 2254 form about whether he appealed from the judgment of conviction, he identifies only the case numbers assigned to his

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

state habeas petition in the trial court and the Texas Court of Criminal Appeals, and public records show that he did not appeal the judgment.  (*See* doc. 3 at 2); https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (search for Petitioner) (last visited March 1, 2023).

His state habeas application was first received by the trial court on October 10, 2022, and it was received by the Texas Court of Criminal Appeals on November 11, 2022.  *See Ex parte Duffey*, No. WR-94,336-01 (Tex. Crim. App. Nov. 23, 2022); *Ex parte Duffey*, No. 2-21-0467-A (382nd Dist. Ct., Rockwall Cnty., Tex. Oct. 10, 2022).  On November 23, 2022, the Texas Court of Criminal Appeals dismissed the state habeas application for non-compliance with Texas Rules of Appellate Procedure (Rule) 73.1, and it dismissed Petitioner's request to reopen the case on December 28, 2022.  (*See* doc. 3 at 16); *Ex parte Duffey*, No. WR-94,336-01 (Tex. Crim. App. Nov. 23, 2022).

In his federal petition, Petitioner asserts the following grounds:

(1) Illegal Search & Seizure;

(2) Excessive Bail & Double Jeopardy (8th Amm [sic]); and

(3) The state tried to avoid Due Process to secure malicious conviction.

(doc. 3 at 5-10.)  He seeks relief "(1) from conviction; from incarceration; (2) reimbursment [sic] for time served plus damages from thereof [sic] (stress, job loss, career, etc…)[.]"  (*Id.* at 15.)

## II.   PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("the petition must name as respondent the state officer who has custody" of the petitioner).  Generally, the only proper respondent is "'the person'

with the ability to produce the prisoner's body before the habeas court." *Padilla*, 542 U.S. at 435. "[I]n habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . ." *Id.*

Because Petitioner challenges the legality of a state conviction and sentence that has resulted in his incarceration in the TDCJ-CID under § 2254, either the warden of the institution of incarceration or the chief officer in charge of state penal institutions is a proper respondent. *See* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions." (internal citation omitted)). The Director of TDCJ-CID should be substituted as the proper respondent in this case, and the State of Texas should be terminated. *See West v. Louisiana,* 478 F.2d 1026, 1031 (5th Cir. 1973) (noting that the district court would have been justified in treating the habeas petition as if the petitioner had named the proper respondent), *vacated in part on other grounds,* 510 F.2d 363 (5th Cir. 1975).

### III. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for a writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. A petitioner must also present

3

his claims in a procedurally correct manner. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters*, 985 F.2d at 795.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented his claims to the Texas Court of Criminal Appeals. Although he filed a state habeas application, it was dismissed for non-compliance with Rule 73.1 because he improperly modified the prescribed form, raised multiple grounds on a single page, and did not file on the prescribed form under Texas Code of Criminal Procedure Article 11.07.[2] (*See* doc. 3 at 16); *Ex parte Duffey*, No. WR-94,336-01 (Tex. Crim. App. Nov. 23, 2022). By filing a state application that did not comply with state procedural requirements, Petitioner failed to exhaust his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a claim presented "in a procedural context in which its merits will not be considered" is not fairly presented for purposes of § 2254 exhaustion); *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2017) (holding that a state habeas application is not "properly filed" when it fails to comply with the state filing requirements of Rule 73.1). The Texas Court of Criminal Appeals has not had a fair opportunity to consider the habeas claims raised by Petitioner in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its

---

[2] Petitioner alleges that he has requested the prescribed form for a state habeas application from the trial court and the Texas Court of Criminal Appeals many times, but never received it. (*See* doc. 3 at 2-3, 5.) It does not appear that Petitioner has pursued state court relief in connection with his requests.

4

proper function. *See Rose,* 455 U.S. at 518 (stating that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."). Accordingly, the § 2254 petition should be dismissed without prejudice for failure to exhaust state remedies.

### IV.   CIVIL CLAIMS

Petitioner also seeks relief in the form of "reimbursment [sic] for time served plus damages from thereof [sic] (stress, job loss, career, etc…)[.]" (doc. 3 at 15.) These requests for monetary relief do not specifically challenge his custody.

Claims that do not challenge Petitioner's custody may not be raised in this habeas action. Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil action against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a separate civil action. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted* 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue relief on any non-habeas civil claims, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[3] A prisoner who is granted leave to proceed *in forma pauperis* must

---

[3] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District

5

still pay the full filing fee, but is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, Petitioner's filing is not liberally construed as seeking to open a new case at this time. The Clerk's Office is **INSTRUCTED** to forward Petitioner a copy of this Court's standard forms for filing a civil complaint and an application to proceed *in forma pauperis* in case he wishes to file a new civil action.

## V.   RECOMMENDATION

The *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on January 20, 2023 (doc. 3), should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 1st day of March, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE